# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3220 | **DATE** | August 5, 2010 |
| **CASE TITLE** | Zealous Williams vs. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is granted thirty days in which to: (1) file an update application for leave to proceed *in forma pauperis* in light of his release; and (2) submit a second amended complaint (plus a judge's copy and service copies) naming a proper defendant. The clerk is directed to provide the plaintiff with an *in forma pauperis* application, an amended civil rights complaint form, and instructions. Failure to comply within thirty days of the date of this order will result in summary dismissal of this case in its entirety.

O [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

The plaintiff, a former inmate at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that jail officials acted with deliberate indifference to his safety and that health care providers acted with deliberate indifference to his medical needs. More specifically, the plaintiff alleges that correctional officers refused to intervene when the plaintiff was attacked by fellow inmates; he additionally maintains that the medical staff denied him needed treatment for his injuries.

By Minute Order of July 7, 2010, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* but directed him to submit an amended complaint naming a proper defendant. Unfortunately, the amended complaint the plaintiff has submitted fails to cure the original pleading defects. Like the Cook County Jail, the Cook County Sheriff's Department is not a suable entity. *See, e.g., Gilbert ex rel. James v. Ross*, No. 09 C 2339, 2010 WL 145789, *4 (N.D. Ill. Jan. 11, 2010) (Dow, J.). The plaintiff must name as defendants the individuals who allegedly violated his constitutional rights.

If the plaintiff cannot identify the officers in question, in this circuit, the courts recognize a useful fiction to permit *pro se* litigants an opportunity to discover the identities of those who were personally involved in the alleged actions underlying their complaint. When a plaintiff does not know the names of the persons who actually **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff"s Dep*t., 95 F.3d 548, 556 (7th Cir. 1996). Consequently, if the plaintiff wishes to pursue his claims, he should amend the complaint to add as defendant a supervisory official or administrator who is in a position to identify the John Doe defendants, such as Cook County Sheriff Thomas Dart.

Once the plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the defendants who allegedly violated the plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the John Does. Summonses will then issue for service on the defendants in interest and the supervisory defendant will be dismissed. The plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

For the foregoing reasons, the court dismisses the amended complaint without prejudice. The plaintiff is granted thirty days in which to submit a second amended complaint. The second amended complaint should name as defendants either (1) the officers who allegedly failed to act when the plaintiff was attacked, as well as the officers and/or health care providers who denied the plaintiff needed medical care (or access to medical treatment) for the injuries he sustained in the attack, or (2) a supervisor in a position to identify the alleged wrongdoers. The plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each defendant named in the second amended complaint.

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the second amended complaint, without reference to prior pleadings. Any exhibits the plaintiff wants the court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits.

In addition, the plaintiff must file an updated application to proceed *in forma pauperis* in light of his release from jail. *See, generally, Robbins v. Switzer*, 104 F.3d 895 (7th Cir. 1997). The plaintiff is also reminded that he remains under a continuing obligation to notify the court and opposing counsel of any address changes. Failure to keep the court apprised as to a current address may result in summary dismissal of this case.
**(CONTINUED)**

| STATEMENT (continued) |
|---|

    The clerk will provide the plaintiff with an *in forma pauperis* application, an amended complaint form, and instructions. If the plaintiff fails to comply with these directives within thirty days, the case will be summarily dismissed, on the understanding that the plaintiff does not wish to pursue his claims in federal court at this time.

    As a final concern, the court notes that the plaintiff has made a material omission to the court. The court's civil rights complaint form instructed the plaintiff to "List ALL lawsuits you . . . have filed in any state or federal court (including the Central and Southern Districts of Illinois)." (Complaint, p. 3, emphasis in original.) The form goes on to direct, "IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS. . . . REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE." (*Id.*)

    Despite the court's admonitions, the plaintiff marked "N/A" on his original complaint and crossed out the section in his amended complaint. The plaintiff failed to mention that he has filed at least one previous case in this court, *Williams v. Cook County Jail*, Case No. 10 C 2499 (N.D. Ill), and that the case is still pending. The plaintiff's effective "fraud" on the court justifies "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

    On this occasion, the court will grant the plaintiff the benefit of the doubt and assume his omission was due to accidental oversight. But the plaintiff is cautioned that in signing court filings, he is representing that the statements he makes are true to the best of his knowledge. *See* Fed. R. Civ. P. 11. Before submitting any motions or pleadings to the court, the plaintiff should accordingly review the documents carefully to make sure they are complete and accurate. Misrepresentations to the court could lead to sanctions, including dismissal.